JUDGE CROTTY

07 CIV 7747

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>T.CO METALS LLC,<br><br>      Petitioner/Plaintiff,<br>v.<br><br>DEMPSEY PIPE & SUPPLY, INC.,<br><br>      Respondent/Defendant. | No.  |

## NOTICE OF APPLICATION TO MODIFY
## OR VACATE THE AMENDED FINAL AWARD

TO:    Patrick Dempsey
          Dempsey Pipe & Supply, Inc.
          80 Liberty Street
          Bolivar, NY 14715

          Marc J. Goldstein, Esquire
          Law Offices & Arbitration Chambers
          1230 Avenue of the Americas, 7th Floor
          New York, NY 10020
          Counsel for Dempsey Pipe & Supply, Inc.

        PLEASE TAKE NOTICE that upon the accompanying Application to Modify or Vacate the Amended Final Award, Declaration of Alfred J. Kuffler, and Memorandum of Law, Petitioner T.Co Metals LLC hereby moves the Court pursuant to 9 U.S.C. §§ 10(a), 11 for an

2187686v1

Order modifying or vacating the Amended Final Award issued in the arbitration before the American Arbitration Association's International Centre for Dispute Resolution, No. 50 143 T 00278 06.

Dated: August 30, 2007
       New York, New York

                                              Respectfully submitted,

                                              MONTGOMERY, MCCRACKEN, WALKER &
                                              RHOADS, LLP

                                              _____
                                              Alfred J. Kuffler (AK 2275)
                                              Lathrop B. Nelson, III
                                              123 South Broad Street
                                              Avenue of the Arts
                                              Philadelphia, PA 19109
                                              (215) 772-1500
                                              (215) 772-7620 (fax)
                                              akuffler@mmwr.com
                                              lnelson@mmwr.com

                                              D'AMATO & LYNCH, LLP

                                              Stephen F. Willig (SFW 9847)
                                              Meleena M. Bowers (MMB 3538)
                                              70 Pine Street
                                              New York, New York 10270
                                              (212) 269-0927
                                              (212) 269-3559 (fax)
                                              swillig@damato-lynch.com
                                              mbowers damato-lynch.com

                                              ATTORNEYS FOR T.CO METALS, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between | No. |
| T.CO METALS LLC, | |
| Petitioner/Plaintiff, | |
| v. | |
| DEMPSEY PIPE & SUPPLY, INC., | |
| Respondent/Defendant. | |

**ORDER**

AND NOW, this \_\_\_\_\_ day of _____, 2007, upon consideration of the Application of T.Co Metals LLC to Modify or Vacate the Amended Final Arbitration Award it is hereby ORDERED that the Application is GRANTED.

It is FURTHER ORDERED that the award of damages to Dempsey Pipe & Supply, Inc. of $340,587 for the diminished value of the pipe supplied by T.Co Metals LLC to Dempsey Pipe & Supply, Inc., plus interest, is hereby VACATED.

Dated: _____

2187686v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between | No. |
| T.CO METALS LLC, | |
| Petitioner/Plaintiff, | |
| v. | |
| DEMPSEY PIPE & SUPPLY, INC., | |
| Respondent/Defendant. | |

## APPLICATION TO MODIFY OR VACATE
## THE AMENDED FINAL AWARD

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., T.Co Metals LLC ("T.Co") moves the Court for an Order modifying or vacating in part the Amended Final Award dated June 4, 2007 ("Amended Final Award") issued in the arbitration between T.Co and Dempsey Pipe & Supply, Inc. ("Dempsey") on the grounds that the Amended Final Award was issued in manifest disregard of the law. In support thereof, T.Co avers as follows:

### Parties

1. T.Co is a Delaware limited liability corporation with its principal place of business located at 215 Nassau Street, Princeton, New Jersey, 08542.

2. Dempsey is a New York corporation with its principal place of business located 80 Liberty Street, Bolivar, New York, 14715.

### Jurisdiction and Venue

3. This dispute arises from an arbitration award issued in the course of interstate commerce, giving this Court subject matter jurisdiction pursuant to 9 U.S.C. § 1, et seq., and 28

2187686v1

U.S.C. § 1332. There is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. Venue is proper in the district pursuant to 9 U.S.C. §§ 10, 11 because the arbitration was held and the Amended Final Award was made in this district.

5. This application to modify or vacate will have been served upon Dempsey within three months after the Amended Final Award was filed or delivered.

### Agreement, Arbitration and Award

6. On February 25, 2005 and April 25, 2005, T.Co and Dempsey entered into Sales Contracts 2094 and 2095 ("Sales Contracts") for the sale by T.Co to Dempsey of a total of 2,440 metric tons of "prime newly manufactured electric resistant welded pipe." A Copy of Sales Contract 2094 and Sales Contract 2095 are attached to the Declaration of Alfred J. Kuffler as Exhibit A.

7. Both Sales Contracts provided that disputes be "resolved by arbitration under the International Arbitration Rules of the American Arbitration Association." The Sales Contracts further provide that they are governed by the laws of the State of New York.

8. On June 19, 2006, T.Co filed a demand for arbitration pursuant to the Sales Contracts for the payment of $338,039.72, together with interest and costs, including attorneys fees, representing unpaid amounts owed to T.Co for the delivery of the steel pipe pursuant to the Sales Contracts.

9. Dempsey filed an Answer and Counterclaims on July 20, 2006 seeking payment for alleged damages arising out of the condition of the steel pipe accepted pursuant to the Sales Contracts. Dempsey amended its Answer and Counterclaim on September 15, 2006. Dempsey's claims totaled $1,895,052.

10. In August 2006, Paul D. Friedland, Esquire ("Arbitrator Friedland") was appointed the sole arbitrator pursuant to the procedures of the American Arbitration Association's International Centre for Dispute Resolution ("ICDR").

11. On October 13, 2006, T.Co filed an application for an interim award, seeking payment of the $338,039.72 owed under the Sales Contracts. On November 17, 2006, Arbitrator Friedland held oral argument on both the application and certain issues relating to the issuance of subpoenas sought by Dempsey. Relevant portions of the transcript of the November 17, 2006 oral argument are attached to the Declaration of Alfred J. Kuffler as Exhibit B. Arbitrator Friedland subsequently denied T.Co's application.

12. On December 11, 2006, the Parties submitted their pretrial materials to Arbitrator Friedland, including their pre-arbitration memorandum of law. A copy of T.Co's Pre-Arbitration Memorandum of Law is attached to the Declaration of Alfred J. Kuffler as Exhibit C.

13. Arbitrator Friedland held hearings on the merits of T.Co's and Dempsey's claims on December 15-20, 2006 and February 13-15, 2007 at the offices of White & Case, New York, New York.

14. In January 2007, during an adjournment in the arbitration hearings, Dempsey filed a motion to compel arising out of the arbitration in the United States District Court for the Southern District of New York. The matter was assigned a miscellaneous civil action number, 07 SD 00046, M8-85 Part One, and was assigned to the Honorable Richard Owen, who held proceedings on Dempsey's motion to compel on February 6 and 8, 2007.

15. On March 19, 2007, Arbitrator Friedland held closing arguments in the arbitration. Relevant portions of the transcript are attached to the Declaration of Alfred J.

Kuffler as Exhibit D. On April 20, 2007, Arbitrator Friedland issued the Final Award. A copy of the Final Award is attached to the Declaration of Alfred J. Kuffler as Exhibit E.

16. The Final Award awarded T.Co $338,039.72 for the unpaid portions of its bill and further awarded T.Co certain of its legal fees. The Final Award awarded Dempsey $420,537.00 for the "diminished value of the pipe" and further awarded Dempsey other damages under its counterclaims as well as certain of its legal fees.

17. Both Dempsey and T.Co submitted applications to Arbitrator Friedland to amend the award pursuant to ICDR Rule 30, which authorizes the arbitrator to "correct any clerical, typographical or computation errors or make an additional award as to claims presented but omitted from the award."

18. On May 30, 2007, Arbitrator Friedland issued an Order modifying the Final Award. In the May 30 Order, Arbitrator Friedland denied Dempsey's application to amend the award and granted in part T.Co's application. Arbitrator Friedland acknowledged several clerical mistakes in the portion of the Final Award addressing Dempsey's counterclaims and reduced the amount awarded to Dempsey on its counterclaim for "diminished value" from $420,537.00 to $340,587.00. A copy of the May 30 Order is attached to the Declaration of Alfred J. Kuffler as Exhibit F.

19. On June 4, 2007, Arbitrator Friedland issued the Amended Final Award. A copy of the Amended Final Award is attached to the Declaration of Alfred J. Kuffler as Exhibit G.

### Grounds to Modify or Vacate Award
### Manifest Disregard of the Law

20. Arbitrator Friedland manifestly disregarded the law in awarding Dempsey $340,587 for the "diminished value of goods" pursuant to § 2-714(2) of the New York Uniform Commercial Code.

2187686v1

21. The Sales Contracts between T.Co and Dempsey include a provision that the "Seller is not responsible for consequential loss or damage." See Sales Contracts, Declaration of Alfred J. Kuffler, Ex. A.

22. As set forth in Paragraphs 68 and 121 of the Amended Final Award, Arbitrator Friedland properly found that the no consequential damages clause within the Sales Contracts was enforceable against Dempsey.

23. Notwithstanding the Arbitrator's explicit findings that the no consequential damages clause was enforceable against Dempsey, Arbitrator Friedland proceeded to award Dempsey $340,587 in consequential damages under the § 2-714(2) formula for "diminution of value" of the pipe.

24. Arbitrator Friedland was aware that consequential damages were excluded and was further aware that the diminution of value formula would result in an award of consequential damages, yet he consciously disregarded the law on this issue. T.Co cited the law to Arbitrator Friedland in its pre-arbitration memorandum of law, see T.Co's Pre-Arbitration Mem. of Law, at 30-31, Declaration of Alfred J. Kuffler, Ex. C, and raised this issue at the oral argument held on March 19, 2007. See Tr. 924:23-925:2 (Mar. 19, 2007), Declaration of Alfred J. Kuffler, Ex. D.

25. Moreover, Dempsey's counsel admitted that its claim for diminished value was a claim for lost profits, which are quintessential consequential damages. See Tr. 89:2-7 (Nov. 17, 2006), Declaration of Alfred J. Kuffler, Ex. B

26. The law on this issue is well defined, explicit, and clearly applicable to this case.

27. As a result of this manifest disregard of the law, Dempsey was awarded a windfall of $340,587 to which it is not entitled under the Sales Contracts.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum of law, T.Co respectfully requests that this Court modify the Amended Final Award so as to vacate the award of $340,587 plus associated interest for the diminished value of the pipe and further award T.Co its costs and such other relief as the Court deems appropriate.

Dated:  August 30, 2007
        New York, New York

> Respectfully submitted,
>
> MONTGOMERY, MCCRACKEN, WALKER &
> RHOADS, LLP
>
> _____
> Alfred J. Kuffler (AK 2275)
> Lathrop B. Nelson, III
> 123 South Broad Street
> Avenue of the Arts
> Philadelphia, PA 19109
> (215) 772-1500
> (215) 772-7620 (fax)
> akuffler@mmwr.com
> lnelson@mmwr.com
>
> D'AMATO & LYNCH, LLP
>
> Stephen F. Willig (SFW 9847)
> Meleena M. Bowers (MMB 3538)
> 70 Pine Street
> New York, New York 10270
> (212) 269-0927
> (212) 269-3559 (fax)
> swillig@damato-lynch.com
> mbowers damato-lynch.com
>
> ATTORNEYS FOR T.CO METALS, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

T.CO METALS LLC,                         :
                                         :
       Petitioner/Plaintiff,       :
                                         :
v.                                       :
                                         :
DEMPSEY PIPE & SUPPLY, INC.,             :
                                         :
       Respondent/Defendant.       :

---

**MEMORANDUM OF LAW IN SUPPORT OF THE APPLICATION
TO MODIFY OR VACATE THE AMENDED FINAL AWARD**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., T.Co Metals LLC ("T.Co") respectfully submits this memorandum of law in support of its Application to Modify or Vacate the Amended Final Award dated June 4, 2007 ("Amended Final Award") entered in the arbitration between T.Co and Dempsey Pipe & Supply, Inc. ("Dempsey"). The grounds for the application are manifest disregard of the law.

**I.   INTRODUCTION**

This application arises out of an arbitration involving the sale of steel pipe by T.Co to Dempsey pursuant to sales contracts that contain a no consequential damages clause. Dempsey purchased the steel pipe, processed it and sold it for more than it paid for it. After this dispute entered arbitration and after Dempsey made a profit on the pipe, Dempsey claimed that the pipe was defective and, as a result of that defect, that it was entitled to its lost profits under the theory of the "diminution of value" of the pipe, notwithstanding the clear no consequential damages clause in the contracts for the purchase of steel pipe which the arbitrator had found enforceable.

Yet the arbitrator awarded Dempsey $340,587 based upon this lost profits theory and, in doing so, manifestly disregarded the law. Amazingly, the arbitrator explicitly held that the no

2187686v1

consequential damages provision was enforceable against Dempsey, yet refused to apply this clause to Dempsey's lost profits theory.

The law is well settled that lost profits are consequential damages and T.Co appropriately cited the clear and applicable law on this point and raised it in oral argument, as well. Moreover, and significantly, Dempsey's own counsel admitted that his case was a "lost profits case" and then offered evidence of the market to prove its diminution of value claim.

Despite the clear law, which T.Co brought to the arbitrator's attention, the arbitrator manifestly disregarded that law and awarded a windfall to Dempsey in the form of lost profits. Indeed, to the extent that Dempsey was entitled to any incidental damages, it received an award for such in the form of extra processing time as a result of the defect in the steel pipe, a finding of the arbitrator that T.Co does not dispute in these proceedings.

Because the arbitrator manifestly disregarded the law, that portion of the Final Amended Award should be vacated.

## II. STATEMENT OF THE CASE

On February 25, 2005 and April 25, 2005, T.Co and Dempsey entered into Sales Contracts 2094 and 2095 ("Sales Contracts") for a total of 2,440 metric tons of "prime newly manufactured electric resistant welded pipe." Sales Contracts, Declaration of Alfred J. Kuffler ("Kuffler Decl."), Ex. A. Both Sales Contracts provide that disputes be "resolved by arbitration under the International Arbitration Rules of the American Arbitration Association." Id. The Sales Contracts further provide that they are governed by the laws of the State of New York. Id.

The steel pipe sold to Dempsey pursuant to the Sales Contracts was shipped from Chile to Philadelphia, Pennsylvania in four shipments in the summer of 2005. Amended Final Award, ¶ 42, Kuffler Decl., Ex. G. Except for a small portion of the steel pipe aboard the second

shipment, which Dempsey rejected, Dempsey accepted, processed, and sold all the pipe it received aboard the four shipments pursuant to the Sales Contracts. Id., ¶¶ 43, 48, 50, 53. The contract price for the steel pipe was $780 per short ton. Id., ¶ 125. Dempsey processed and sold the steel pipe for $922 per short ton. Id., ¶ 126.

T.Co issued Dempsey invoices in the amount of $1,993,145.53 for the steel pipe ordered pursuant to the Sales Contracts. Id., ¶ 55. Although initially Dempsey paid $1,655,105.81, Dempsey withheld further payment. Id. Accordingly, T.Co filed a demand for arbitration on June 19, 2006 seeking damages in the amount of the unpaid invoices, $338,039.72. Id., ¶ 1.

In response to T.Co's demand, Dempsey filed an answer and counterclaim for $1,895,052, contending that the steel pipe sold to it by T.Co was defective as a result of being "bent" and sought damages for the "diminished value" of the pipe, as well as damages for additional processing costs, storage costs, and freight charges. Id., ¶ 57.

In August 2006, Paul D. Friedland, Esquire ("Arbitrator Friedland") was appointed the sole arbitrator of the dispute pursuant to the procedures of the American Arbitration Association's International Centre for Dispute Resolution ("ICDR"). In November 2006, Arbitrator Friedland heard argument on T.Co's application for an interim award, which was subsequently denied. On December 11, 2006, the parties submitted their pretrial materials to Arbitrator Friedland, including their pre-arbitration memoranda of law. In its memorandum of law, T.Co explained, inter alia, that the "diminution of value" theory propounded by Dempsey was an improper attempt to obtain lost profits, which were excluded by the no consequential damages provision of the Sales Contracts. T.Co cited the relevant law in its memorandum. See T.Co's Pre-Arbitration Mem. of Law, at 30-31, Kuffler Decl., Ex. C.

2187686v1

Arbitrator Friedland held hearings on the merits of T.Co's and Dempsey's claims on December 15-20, 2006 and February 13-15, 2007 at the offices of White & Case, New York, New York.[1] On March 19, 2007, Arbitrator Friedland held closing arguments in the arbitration.

On April 20, 2007, Arbitrator Friedland issued a Final Award. Final Award, Kuffler Decl., Ex. E. The Final Award awarded T.Co $338,039.72 for the unpaid portions of its bill and further awarded T.Co certain of its legal fees. Although Arbitrator Friedland upheld the no consequential damages provision, Arbitrator Friedland awarded Dempsey $420,537.00 in lost profits for the "diminished value of the pipe." Arbitrator Friedland further awarded Dempsey other damages under its counterclaims, including extra processing costs, storage costs, and freight charges, as well as certain of its legal fees. See Final Award, ¶ 159, Kuffler Decl., Ex. E.

Both Dempsey and T.Co then submitted applications to Arbitrator Friedland to amend the award pursuant to ICDR Rule 30, which authorizes the arbitrator to "correct any clerical, typographical or computation errors or make an additional award as to claims presented but omitted from the award." On May 30, 2007, Arbitrator Friedland issued an Order modifying the Final Award. In the May 30 Order, Arbitrator Friedland denied Dempsey's application to amend the award and granted in part T.Co's application. Arbitrator Friedland acknowledged several clerical mistakes in the portion of the Final Award addressing Dempsey's counterclaims and reduced the amount awarded to Dempsey on its counterclaim for "diminished value" from $420,537.00 to $340,587.00. May 30, 2007 Order, ¶ 58, Kuffler Decl., Ex. F.

---

[1] In January 2007, during an adjournment in the arbitration hearings, Dempsey filed a motion to compel arising out of the arbitration in the United States District Court for the Southern District of New York. The matter was assigned a miscellaneous civil action number, 07 SD 00046, M8-85 Part One, and was assigned to the Honorable Richard Owen, who held proceedings on Dempsey's motion to compel on February 6 and 8, 2007.

On June 4, 2007, Arbitrator Friedland issued the Amended Final Award. Amended Final Award, Kuffler Decl., Ex. G. The Amended Final Award contains the award of $340,587 on Dempsey's "diminution of value" claim. Id., ¶ 146.

## III. ARGUMENT

### A. Standard of Review

The Federal Arbitration Act permits a court to modify or vacate an arbitration award under specific grounds involving, inter alia, fraud, partiality of the arbitrator, or where there is an evident material miscalculation of the figures within the award. See 9 U.S.C. §§ 10(a), 11. A district court may also modify or vacate an arbitration award if it is in "manifest disregard of the law." DiRusssa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir. 1997). Although courts use "an extremely deferential standard of review for arbitral awards" when confronted with a motion to vacate or modify, the "decision of an arbitrator . . . is not totally impervious to judicial review." Prozig v. Dresdner, Kleinwort, Benson, N. Am. LLC, No. 06-1212, 2007 U.S. App. LEXIS 18674, at *11 (2d Cir. Aug. 7, 2007) (vacating arbitration award under manifest disregard of the law standard). Modifying or vacating an arbitration award is appropriate where "a petitioner can demonstrate both that (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." Id. (citing Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004)).

This case fits squarely within the narrow parameters established for the modification or vacatur of an arbitration award under the "manifest disregard of the law" standard. Significantly, Arbitrator Friedland explicitly determined that consequential damages were excluded under the Sales Contracts. Yet, notwithstanding that finding, Arbitrator Friedland proceeded to award Dempsey quintessential consequential damages in the form of lost profits, dressed up under a

-5-

2187686v1

theory of "diminution of value." Arbitrator Friedland, who was presented with the law on consequential damages as well as an admission by Dempsey's counsel that its theory of damages was based upon the consequential damages of lost profits, simply ignored the clear law, and in doing so, manifestly disregarded the law such that the portion of the Amended Final Award awarding damages for "diminution of value" should be vacated.

The Sales Contracts are clear that "Seller is not responsible for consequential loss or damage." Sales Contracts, Kuffler Decl., Ex. A. At the arbitration, Dempsey attempted to avoid the application of this clause by contending that there was an oral compensation agreement between T.Co and Dempsey that superceded the Sales Contracts that T.Co somehow breached that would have precluded the enforcement of this provision. Amended Final Award, ¶¶ 59-61, Kuffler Decl., Ex. G. Arbitrator Friedland correctly rejected that argument, finding that the alleged oral conversation upon which Dempsey relied upon for an agreement was nothing more than "an unenforceable agreement to discuss settlement terms at some time in the future." Id., ¶ 67. As a result, Arbitrator Friedland determined, among other things, that "the Exclusion of Consequential Damages Clause in the Sales Contracts remains in force." Id., ¶ 68.

Yet despite the arbitrator's own finding that the no consequential damages clause remains enforceable, Arbitrator Friedland simply ignored his own finding and failed to apply that finding to Dempsey's counterclaim for "diminution of value." By ignoring the no consequential damages provision, notwithstanding T.Co's citations to the applicable law, T.Co's argument at the closing argument, and Dempsey's own acknowledgement that its claims were for lost profits, Arbitrator Friedland manifestly disregarded the law.

2187686v1

B.  **Arbitrator Friedland's Amended Final Award Flew In The Face Of Dempsey's Admission That It Was Pursuing Lost Profits And Clear Law Which T.Co Cited.**

1.  Arbitrator Friedland's Decision

Dempsey's primary claim in the arbitration was for the "diminution of value," which sought actually to recover lost profits through the application of N.Y.U.C.C. § 2-714(2). N.Y.U.C.C. § 2-714(2) provides:

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

N.Y.U.C.C. § 2-714(2). Yet, by calculating the values under this formula, Arbitrator Friedland awarded Dempsey its lost profits by providing Dempsey with a windfall of $213 per short ton for the 1599 short tons that Arbitrator Friedland determined were "defective." Amended Final Award, ¶ 146, Kuffler Decl., Ex. G.

This award is a windfall because – based upon Arbitrator Friedland's own factual findings, which, at this stage of the proceedings, T.Co cannot dispute – Dempsey sold the actual pipe in question – the defective pipe – for $922 per short ton, see id., ¶ 134, yet purchased the steel pipe from T.Co pursuant to the Sales Contracts for only $780 per short ton. Id., ¶ 125. Dempsey thus made a margin of 15.8% on the pipe. Id., ¶ 135. To the extent that Dempsey suffered any loss, namely the extra time Dempsey spent to process the defective pipe, Arbitrator Friedland awarded Dempsey its "extra processing costs," of $48,513 in a separate count that T.Co does not challenge in this application. Id., ¶ 149.

Dempsey, however, is not entitled under the Sales Contracts to the lost expectations of a higher profit than the 15.8% margin that it actually obtained. See White & Summers, § 10-2

2187686v1

(stating that 2-714(2) not appropriate where clause excludes consequential damages) (<u>cited by</u> Arbitrator Friedland, <u>see</u> Final Award, ¶ 122 n.90).

2. <u>Dempsey's Admission</u>

Most significantly, Dempsey's own counsel admitted that this "diminution of value" theory was a lost profits theory. At a hearing in the arbitration on November 17, 2006, counsel for Dempsey stated that "when 2-716 [sic] talks about the difference between the value of the goods received and the value of the conforming goods, that means market value for what we could sell them for. ***So it is a lost profits case***." Tr. 89:2-7 (Nov. 17, 2006) (emphasis added), Kuffler Decl., Ex. B. Counsel for Dempsey further described the profit made by Dempsey on the steel pipe sold to it from T.Co and noted that "we made a ***profit*** which was dramatically lower than what we made by domestic pipe and even more dramatically lower than the contracted for expectation. <u>Id.</u>, at 76:18-22 (emphasis added). Not only did Arbitrator Friedland preside over the November 17, 2006 hearing, but T.Co also cited these portions of the transcript to Arbitrator Friedland in its pre-arbitration memorandum of law. See T.Co Pre-Arbitration Mem. of Law, at 31, Kuffer Decl., Ex. C.

Moreover, this admission is consistent with the evidence that Dempsey presented at the arbitration hearing – and cited by Arbitrator Friedland in the Amended Final Award – regarding market prices. <u>See</u> Final Amended Award, ¶ 129, Kuffler Decl., Ex. G (citing evidence of the price of the pipe that "was being sold by market actors who are at the same level in the distribution chain as Dempsey").

3. <u>The Clear Law Given To The Arbitrator</u>

Arbitrator Friedland thus knew that consequential damages were excluded from the Sales Contracts and that Dempsey was pursuing a claim for lost profits. Arbitrator Friedland also knew that the award of lost profits is considered consequential damages, as T.Co cited numerous

-8-

cases in its pre-arbitration memorandum of law that explicitly equate lost profits with consequential damages. Id.; see also Roneker v. Kenworth Truck Co, 977 F.Supp. 237, 240 (W.D.N.Y. 1997) ("In essence, consequential damages are economic losses, such as lost profits"); East River S.S. Corp. v. Transamerica Delaval, 476 U.S. 858, 874 (1986) ("The limitation in a contract action comes from the agreement of the parties and the requirement that consequential damages, such as lost profits, be a foreseeable result of the breach"); Schonfeld v. Hilliard, 218 F.3d 164, 176 (2d Cir. 2000) ("The type of consequential damages most often sought is lost operating profits of a business . . . . [h]owever, lost profits are not the only kind of consequential damages"); Int'l Minerals & Resources, S.A. v. Pappas, 96 F.3d 586, 597 (2d. Cir. 1996) ("Consequential damages include recovery for lost profits, which must be proven with reasonable certainty"); 1 James J. White & Robert S. Summers, Uniform Commercial Code 724 (5th ed. 2006) ("The most commonly litigated and doubtless the most sought after type of consequential damages is lost profits").

T.Co raised this argument not only in its pre-arbitration memorandum of law, but also during closing argument on March 19, 2007. Counsel for T.Co argued that this diminished value theory was excluded under the no consequential damages clause. See Tr. 924:23-925:2 (Mar. 19, 2007), Kuffler Decl., Ex. D ("First is whether you need to deal with fair market value given the exclusion of consequential damages in the contract.").

In light of Arbitrator Friedland's knowledge of the law – indeed, his explicit finding that the no consequential damages clause was enforceable against Dempsey – and his refusal to apply the law to Dempsey's claim for diminished value, which Dempsey's own counsel admitted was a claim for lost profits, Arbitrator Friedland's actions create "if not the perfect storm, then a disturbance ample enough to give" significant pause as to the Amended Final Award. Porzig v.

-9-

2187686v1

Dresdner, Kleinwot, Benson, N. Am. LLC, No. 06-1212, 2007 U.S. App. LEXIS 18674, at *14 (2d. Cir., Aug. 7, 2007). Just this month, in Porzig, the Second Circuit was confronted with a panel of arbitrators that ignored the well-settled law that the petitioner had explained to them and further failed to provide any explanation regarding why they ignored the law. Id. at *13. The court determined that the arbitrators had manifestly disregarded the law and vacated the award in part. Id. at *14.

Similarly, Arbitrator Friedland ignored the law, which he himself had identified, and then provided no analysis of whether Dempsey's attempt to recover lost profits constituted consequential damages. Even when provided the opportunity to address this issue in the May 30, 2007 Order, Arbitrator Friedland simply stated he "rejects" T.Co's argument, without any analysis. May 30, 2007 Order, ¶ 53, Kuffler Decl., Ex. F.

Accordingly, Arbitrator Friedland manifestly disregarded the law by determining that consequential damages were excluded from the Sales Contracts, yet nonetheless award Dempsey consequential damages through a diminution of value formula. The facts – as found by Arbitrator Friedland – demonstrate that Dempsey made a 15.8% margin on the "defective" pipe. Arbitrator Friedland simply ignored the law in concluding that Dempsey was entitled to an even higher profit margin, notwithstanding the exclusion of consequential damages.

IV. **CONCLUSION**

For the foregoing reasons, T.Co respectfully requests that the Court grant its application to modify or vacate the portion of the Amended Final Award awarding $340,587, plus interest, to Dempsey.

Dated: August 30, 2007
       New York, New York

                    Respectfully submitted,

                    MONTGOMERY, MCCRACKEN, WALKER &
                    RHOADS, LLP

                    _____
                    Alfred J. Kuffler (AK 2275)
                    Lathrop B. Nelson, III
                    123 South Broad Street
                    Avenue of the Arts
                    Philadelphia, PA 19109
                    (215) 772-1500
                    (215) 772-7620 (fax)
                    akuffler@mmwr.com
                    lnelson@mmwr.com

                    D'AMATO & LYNCH, LLP

                    Stephen F. Willig (SFW 9847)
                    Meleena M. Bowers (MMB 3538)
                    70 Pine Street
                    New York, New York 10270
                    (212) 269-0927
                    (212) 269-3559 (fax)
                    swillig@damato-lynch.com
                    mbowers damato-lynch.com

                    ATTORNEYS FOR T.CO METALS, LLC

2187686v1